UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

JACKIE F. CURRY )
 )
    *Petitioner*, )
 )
v. ) No. 3:06-cv-255
 ) *Jarvis*
HOWARD CARLTON, Warden )
 )
    *Respondent.* )

## MEMORANDUM

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Clerk is **DIRECTED** to serve copies of the petition and this Memorandum and accompanying Order upon the respondent and the Attorney General for The State of Tennessee. However, for the reasons stated below, the respondent shall not be required to file an answer or other pleading to the petition and this action will be **DISMISSED**.

Petitioner Jackie F. Curry "(Curry)" challenges his convictions for three counts of aggravated rape. The convictions were affirmed on direct appeal. *State v. Curry*, No. E2000-02475-CCA-R3-CD, 2001 WL 872789 (Tenn. Crim. App. August 2, 2001), *perm. app. denied, id.* (Tenn. November 5, 2001).

On March 29, 2004, Curry filed a state habeas corpus petition, which was dismissed by the trial court, and the Tennessee Court of Criminal Appeals affirmed. *Curry v. State*, No. E2004-01227-CCA-R3-HC, 2005 WL 927158 (Tenn. Crim. App. April 21, 2005). Curry next filed, on January 11, 2005, a petition for post-conviction relief, which was dismissed by the trial court as time-barred, and the Tennessee Court of Criminal Appeals affirmed. *Curry v. State*, No. E2005-00418-CCA-R3-PC, 2005 WL 3343826 (Tenn. Crim. App. December 7, 2005). Curry filed the pending federal habeas corpus petition on June 30, 2006.[1]

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Curry's conviction became final on February 3, 2002, which was 90 days after the Tennessee Supreme Court denied his application for permission to appeal on direct appeal. *Bronaugh v. State of Ohio*, 235 F.3d 280 (6th Cir. 2000) (statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the

---

[1]The petition was received by the Clerk's Office on July 5, 2006. However, the envelope bears a stamp showing it was received by the prison mail room for mailing on June 30, 2006. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

2

Case 3:06-cv-00255   Document 3   Filed 07/25/06   Page 2 of 3   PageID #: 2

U.S. Supreme Court on direct appeal). He therefore had one year from February 3, 2002, within which to file his federal habeas corpus petition.

Curry claims the pending habeas corpus petition was timely filed, apparently because it was filed within one year of the denial of his state post-conviction petition. The state post-conviction petition, however, was filed after the deadline for filing the federal petition. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

Curry's petition for the writ of habeas corpus is barred by the statute of limitation. Since it plainly appears from the face of the petition that Curry is not entitled to any habeas corpus relief in this court, the petition for the writ of habeas corpus will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Curry leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                      s/ James H. Jarvis
                                      United States District Judge

3

Case 3:06-cv-00255   Document 3   Filed 07/25/06   Page 3 of 3   PageID #: 3